IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
DIVISION

| | | |
|---|---|---|
| BLAS DE LEON HERNANDEZ, *Petitioner*, vs. WILLIAM BARR, U.S. ATTORNEY GENERAL; CHAD WOLF, ACTING SECRETARY, DEPARTMENT OF HOMELAND SECURITY; JOSE M. CORREA, SR., FIELD OFFICE DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; REYNALDO CASTRO, WARDEN, SOUTH TEXAS DETENTION COMPLEX, *Respondents*. | § § § § § § § § § § § § § § § § § § | 5-20-CV-00602-FB-RBF |

**REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

**To the Honorable United States District Judge Fred Biery:**

This Report and Recommendation concerns a § 2241 Petition for Writ of Habeas Corpus, *see* Dkt. Nos. 1, and the Respondents' corresponding Motion to Dismiss, *see* Dkt. Nos. 8 (filed under seal) & 13 (unsealed version for the public record). The Response, Dkt. No. 9, and Reply to the Motion to Dismiss, Dkt. No. 11, are also before the Court, as are additional associated briefs filed by the parties in response to an Order of the Court requesting them, *see* Dkt. Nos. 15 (Order), 17 (Petitioner's Response to Court's Order), 19 (Respondents' Reply). All pretrial matters have been referred for resolution pursuant to Rules CV-72 and 1 of Appendix C to the Local Rules for the United States District Court for the Western District of Texas. *See* Dkt. No. 2. Authority to enter this Order stems from 28 U.S.C. § 636(b).

For the reasons discussed below, Respondents' Motion to Dismiss, Dkt. Nos. 8 (sealed version) & 13 (version for the public record), should be **GRANTED**, and this habeas original proceeding should be dismissed for lack of jurisdiction and failure to state claim on which relief may be granted.

**Background**

Petitioner Blas De Leon Hernandez (hereinafter "De Leon") is a Mexican national and citizen who challenges the lawfulness of his continued immigration detention at the South Texas Detention Complex in Pearsall, Texas during the ongoing COVID-19 pandemic. *See* Dkt. No. 1. De Leon has been in detention for approximately 36 months. He urges a violation of his due process rights based on the alleged "failure to provide protections from COVID-19." *Id*. at 2; Dkt. No. 17 at 3 ("Petitioner alleges in many ways that Respondents violate his constitutional rights simply by keeping him in custody during this pandemic, regardless of the conditions under their control."). Citing his susceptibility to COVID-19 as well as the alleged risks of contracting COVID-19 inherent in a custodial environment, De Leon seeks his immediate release from custody as well as other related relief. *See* Dkt. No. 1 at 31. To be clear, it is the fact that De Leon is allegedly at risk to contract COVID-19 while detained that forms the basis for his request for relief; he does not attack the reason or justification for his detention but rather the fact that he is detained in a manner that he believes exposes him to an unacceptable risk of contracting COVID-19. *See* Dkt. No. 9 ("Petitioner properly brings his claim for release from immigration detention because of the COVID-19 pandemic under the habeas statute.").

On December 2, 2020, the Court issued a Show Cause Order. The Order explained that a similar case involving similar claims had recently been dismissed by the District Court in a case styled, *Reyes Gaona v. U.S. Dep't of Homeland Sec'y*, No. 5:20-CV-00473-FB (W.D. Tex.

dismissed Oct. 22, 2020), Dkt. Nos. 47, 55, & 57. In *Reyes Gaona*, the Report and Recommendation of the Magistrate Judge, ultimately adopted by the District Court, noted that "although Petitioners . . . assert they are challenging the fact and duration of their detention, not their conditions of confinement, their claims in fact ultimately do challenge the conditions of their confinement." *Id*. at Dkt. No. 47 (quotation omitted). Conditions-of-confinement claims, the *Gaona Reyes* Report and Recommendation explained, are not cognizable in habeas and instead must be brought as a civil rights action. *Id*. at \*4-\*5. Accordingly, the Show Cause Order issued in the present case directed Petitioner to show cause why his case should not be dismissed for lack of subject matter jurisdiction and for failure to state a claim, for materially the same reasons as those motivating the District Court's dismissal in *Reyes Gaona*.

**Analysis**

As in *Reyes Gaona*, De Leon urges here that it is the fact of his detention and not the conditions of his conferment that he challenges. But just as in *Reyes Gaona*, De Leon's claims and arguments all boil down to challenges to the conditions of his confinement; he challenges that he is confined during the COVID-19 pandemic and complains there are insufficient measures available to protect against contracting COVID-19. *See* Dkt. No. 17 at 3 ("Mr. De Leon does not challenge the conditions of his confinement, nor does he seek improvement to the conditions under which he is being held. Instead, he challenges the fact that he is confined at all in a detention center where the very fact of his detention exposes him to a deadly, airborne virus, which has now mutated and is 50-70 percent more transmissible."). He does not challenge the authority under which he is detained. "Habeas," however, "is meant to restore liberty to those individuals whom the Government lacked the authority to imprison or detain in the first instance." *Francois v. Garcia*, No. 5:20-CV-218, 2020 WL 7868101, at \*3 (S.D. Tex. Dec. 24,

dismissed Oct. 22, 2020), Dkt. Nos. 47, 55, & 57. In *Reyes Gaona*, the Report and Recommendation of the Magistrate Judge, ultimately adopted by the District Court, noted that "although Petitioners . . . assert they are challenging the fact and duration of their detention, not their conditions of confinement, their claims in fact ultimately do challenge the conditions of their confinement." *Id*. at Dkt. No. 47 (quotation omitted). Conditions-of-confinement claims, the *Gaona Reyes* Report and Recommendation explained, are not cognizable in habeas and instead must be brought as a civil rights action. *Id*. at *4-*5. Accordingly, the Show Cause Order issued in the present case directed Petitioner to show cause why his case should not be dismissed for lack of subject matter jurisdiction and for failure to state a claim, for materially the same reasons as those motivating the District Court's dismissal in *Reyes Gaona*.

**Analysis**

As in *Reyes Gaona*, De Leon urges here that it is the fact of his detention and not the conditions of his conferment that he challenges. But just as in *Reyes Gaona*, De Leon's claims and arguments all boil down to challenges to the conditions of his confinement; he challenges that he is confined during the COVID-19 pandemic and complains there are insufficient measures available to protect against contracting COVID-19. *See* Dkt. No. 17 at 3 ("Mr. De Leon does not challenge the conditions of his confinement, nor does he seek improvement to the conditions under which he is being held. Instead, he challenges the fact that he is confined at all in a detention center where the very fact of his detention exposes him to a deadly, airborne virus, which has now mutated and is 50-70 percent more transmissible."). He does not challenge the authority under which he is detained. "Habeas," however, "is meant to restore liberty to those individuals whom the Government lacked the authority to imprison or detain in the first instance." *Francois v. Garcia*, No. 5:20-CV-218, 2020 WL 7868101, at *3 (S.D. Tex. Dec. 24,

2020) (citing *Boumediene v. Bush*, 553 U.S. 723, 779 (2008) ("We do consider it uncontroversial, however, that the privilege of habeas corpus entitles the prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." (citation omitted))).

In short, De Leon urges a conditions-of-confinement claim, no matter how he styles or artfully pleads it. Similarly, the analysis and conclusion are not altered by De Leon's protestations that only release from custody can remedy the harm he is suffering. "The fact that Petitioner[s] demand[s] release can't and doesn't" by itself "convert [his] conditions-of-confinement claims into a proper habeas request." *Reyes Gaona v. U.S. Dep't of Homeland Sec'y*, No. 5:20-CV-00473-FB, at *6 (Dkt. No. 47).

De Leon's reliance on *Cheek v. Warden of Fed. Med. Ctr.*, ___ F. App'x ___, 2020 WL 6938364 (5th Cir. Nov. 24, 2020) (per curiam) is misplaced. *Cheek* is not a binding decision. A recent discussion of *Cheek* in the *Francois* decision from the Southern District of Texas assists in confirming *Cheek*'s negligible role in the analysis here:

> *Cheek* offered little by way of analysis and did not discuss how, if at all, finding subject matter jurisdiction over conditions of confinement claims raised in habeas comported with this circuit's controlling precedent.

No. 5:20-CV-218, 2020 WL 7868101, at *3. In a footnote, *Francois* further places *Cheek* in its proper context:

> *Cheek* also refrained from mentioning the many district courts within this circuit that have concluded that they lack subject matter jurisdiction over conditions of confinement claims raised in habeas. *See, e.g., Nel v. Cole*, 2020 WL 6535787, at *2 (W.D. Tex. Oct. 31, 2020) (dismissing a § 2241 petition for want of subject matter jurisdiction because the petition challenged conditions of confinement); *Brown v. McConnell*, 2020 WL 6051690, at *2 (W.D. La. Sept. 24, 2020) (same); *Moore v. Lacy*, 2020 WL 5797708, at *2 (E.D. Tex. Aug. 17, 2020) (same); *Cureno Hernandez v. Mora*, 467 F.Supp.3d 454 (N.D. Tex. 2020) (same); *Beswick v. Barr*, 2020 WL 3520312, at *2 (S.D. Miss. June 29, 2020) (same);

> *Sacal-Micha v. Longoria (Sacal-Micha II)*, 2020 WL 1815691, at *3 (S.D. Tex. Apr. 9, 2020) (same).

*Id*. at n.4.

And yet further discussion in *Francois* drives home the point that *Cheek* does not provide a reliable or binding rubric by which to determine the Court's subject matter jurisdiction in COVID-19 cases invoking habeas jurisdiction:

> The Fifth Circuit's decision in *Cook v. Hanberry*, 596 F.2d 658 (5th Cir. 1979), is instructive. The *Hanberry* court concluded that even if a petitioner's allegations of mistreatment amounted to cruel and unusual punishment in violation of the Eighth Amendment, the petitioner would still not be entitled to release from prison through a habeas petition. *Hanberry*, 596 F.2d at 660. If an Eighth Amendment violation does not constitute the "fact" of detention, properly challengeable under habeas, then Petitioner's claims are likewise jurisdictionally barred. *See Lineberry v. United States*, 380 F. App'x. 452, 453 (5th Cir. 2010) (concluding that a prisoner's cruel and unusual punishment claim, even if proven true, was not cognizable as a habeas petition); *Spencer v. Bragg*, 310 F. App'x 678, 679 (5th Cir. 2009) (finding that petitioner's claims of exposure to asbestos, lack of proper medical treatment, retaliation, and loss of legal notes were not cognizable as a habeas petition).

*Id*. at *4.

In the universe of nonbinding authorities from which the Court can receive guidance on habeas jurisdiction, the far better guides here are *Francios* and the overwhelming majority of other district court decisions in this circuit that have persuasively followed binding Fifth Circuit precedent to conclude that claims like De Leon's are in reality conditions-of-confinement claims not cognizable in habeas. *See Francois*, No. 5:20-CV-218, 2020 WL 7868101, at n.4 (citing cases); *Reyes Gaona*, No. 5:20-CV-00473-FB, at n.5 (Dkt. No. 47) (same); *see also* Dkt. No. 19 at n.3 (same).

Finally, even were De Leon's claims cognizable in habeas, they would not state a claim upon which relief could be granted or over which the Court could exercise jurisdiction because they complain of a discretionary parole decision. *See, e.g.*, *Cheek*, 2020 WL 6938364, at *3.

**Conclusion and Recommendation**

For the reasons discussed above, it is recommended that Respondents' Motion to Dismiss, Dkt. Nos. 8 (sealed version) & 13 (version for the public record), should be **GRANTED**, and that this habeas original proceeding should be dismissed for lack of jurisdiction and failure to state claim on which relief may be granted.

Having considered and acted upon all matters for which the above-entitled and numbered case was referred, it is **ORDERED** that the above-entitled and numbered case is **RETURNED** to the District Court for all purposes.

**Instructions for Service and Notice of Right to Object/Appeal**

The United States District Clerk shall serve a copy of this report and recommendation on all parties by either (1) electronic transmittal to all parties represented by attorneys registered as a "filing user" with the clerk of court, or (2) by mailing a copy by certified mail, return receipt requested, to those not registered. Written objections to this report and recommendation must be filed **within fourteen (14) days** after being served with a copy of same, unless this time period is modified by the district court. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72. The objecting party shall file the objections with the Clerk of the Court and serve the objections on all other parties. A party filing objections must specifically identify those findings, conclusions, or recommendations to which objections are being made and the basis for such objections; the district court need not consider frivolous, conclusory, or general objections. A party's failure to file written objections to the proposed findings, conclusions, and recommendations contained in this report shall bar the party from a *de novo* determination by the district court. *Thomas v. Arn*, 474 U.S. 140, 149-52 (1985); *Acuña v. Brown & Root, Inc.,* 200 F.3d 335, 340 (5th Cir. 2000). Additionally, failure to timely file written objections to the proposed findings, conclusions, and

recommendations contained in this report and recommendation shall bar the aggrieved party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc).

**IT IS SO ORDERED**.

SIGNED this 10th day of February, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE