# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | |
|---|---|
| BLAS DE LEON HERNANDEZ, )<br>A# 205-478-168, )<br> )<br>   Petitioner, )<br> )<br>V. )<br> )<br>MERRICK GARLAND,[1] U.S. Attorney )<br>General; ALEJANDRO MAYORKAS,[2] )<br>Secretary, Dept. of Homeland Security; )<br>JOSE M. CORREA, SR., Field Office )<br>Director, San Antonio Field Office, U.S. )<br>Immigration and Customs Enforcement; )<br>REYNALDO CASTRO, Warden, South )<br>Texas Detention Complex, )<br> )<br>   Respondents. ) | CIVIL ACTION NO. SA-20-CA-602-FB |

### ORDER ACCEPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE AND FURTHER ORDERS OF THE COURT

Before the Court are the Report and Recommendation of United States Magistrate Judge (docket no. 20) concerning Petitioner's 28 U.S.C. § 2241 petition for writ of habeas corpus and Respondents' corresponding motion to dismiss (docket nos. 8 & 13), along with Petitioner's written objections to the Report and Recommendation and alternative motion for leave to amend (docket no. 26).

Where no party has objected to a Magistrate Judge's Report and Recommendation, the Court need not conduct a de novo review of the Report and Recommendation. *See* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified

---

[1] Merrick Garland replaced William Barr as the U.S. Attorney General and is substituted as a Respondent in this case under Rule 25(d) of the Federal Rules of Civil Procedure.

[2] Alejandro Mayorkas replaced Chad Wolf as the Secretary of the Department of Homeland Security and is substituted as a Respondent in this case under Rule 25(d) of the Federal Rules of Civil Procedure.

proposed findings and recommendations to which objection is made."). In such cases, the Court need only review the Report and Recommendation and determine whether it is clearly erroneous or contrary to law. *United States v. Wilson,* 864 F.2d 1219, 1221 (5th Cir.), *cert. denied,* 492 U.S. 918 (1989).

On the other hand, any Report and Recommendation to which objection is made requires de novo review by the Court. Such a review means that the Court will examine the entire record, and will make an independent assessment of the law. The Court need not, however, conduct a de novo review when the objections are frivolous, conclusive, or general in nature. *Battle v. United States Parole Comm'n,* 834 F.2d 419, 421 (5th Cir. 1987).

The Court has thoroughly analyzed Petitioner's objections and motion for leave to amend in light of the entire record. As required by Title 28 U.S.C. § 636(b)(1)(c), the Court has conducted an independent review of the entire record in this cause and has conducted a de novo review with respect to those matters raised by the objections. After due consideration, the Court concludes the objections to the motion to dismiss lack merit, but at this early stage of the case, the motion for leave to amend and any response thereto should be allowed proceed before the Court for further review.[3]

IT IS THEREFORE ORDERED that the Report and Recommendation of United States Magistrate Judge (docket no. 20) is ACCEPTED pursuant to 28 U.S.C. § 636(b)(1) such that Respondent's Motion to Dismiss (docket no. 8) (sealed version) & (docket no. 13) (version for the public record) is GRANTED without prejudice to the Court's consideration of Petitioner's motion for leave to amend (contained within docket no. 26).

---

[3] *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 315 F.3d 305, 329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal.")

IT IS FURTHER ORDERED that this matter, including the motion for leave to amend (contained within docket no. 26), is RE-REFERRED to United States Magistrate Richard B. Farrer for further proceedings in accordance with the Court's original Order of Referral (docket no. 2).

It is so ORDERED.

SIGNED this 29th day of March, 2021.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE